IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTOPHER G. JEDRZEJAK                                          PLAINTIFF

V.                                NO. 12-3049

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christopher G. Jedrzejak, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his applications for DIB and SSI on October 14, 2008, alleging disability since August 1, 2006,[2] due to "Bad lungs, right leg problems." (Tr. 9, 164-173, 204). An administrative hearing was held on March 15, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 40-72).

By written decision dated November 9, 2010, the ALJ found that during the relevant time

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff amended his onset date at the hearing. (Tr. 59).

period, Plaintiff had an impairment or combination of impairments that were severe - residual effects of comminuted[3] right tibia fracture status post open reduction internal fixation and COPD/asthma. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13-14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can only occasionally climb ramps and stairs, and can never climb scaffolds, ladders or ropes. The claimant cannot kneel, crouch, crawl or operate foot controls with his right lower extremity. The claimant must avoid concentrated exposure to cold, wetness, fumes, odors, gases, and poor ventilation. The claimant must avoid hazards, e.g. unprotected heights and dangerous machinery, and cannot drive as part of work.

(Tr. 14). With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing his past relevant work, but that there were other jobs Plaintiff would able to perform, such as production work - account clerk, e.g. charge account clerk; phone clerk - call out operator; and cutter and paster of press clippings. (Tr. 16-17). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on February 21, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

---

[3]Comminuted - Broken into several pieces; denoting especially a fractured bone. Stedman's Medical Dictionary 415 (28th ed. 2006).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in dismissing the report of Dr. Vann Smith; and 2) The ALJ's decision is not supported by substantial evidence. (Doc. 12).

### B. Dr. Smith's Opinion:

Plaintiff argues that Dr. Smith's report was dismissed and the ALJ determined Plaintiff not to have a severe mental impairment without any basis, and that the ALJ should have ordered that Plaintiff undergo a mental health examination.

In this case, the ALJ correctly noted that there were no significant objective medical findings in the record which existed in order for Plaintiff's mental problems to be considered severe within the meaning of the regulations. (Tr. 12). He noted that from 2006 through March 2010, Plaintiff was seen numerous times in the emergency room and there was no evidence that

AO72A
(Rev. 8/82)

Plaintiff complained of mental problems at those times. In addition, Plaintiff did not list a mental impairment as an impairment in his application. Further, neither at the time of the alleged onset date, nor at the time Dr. Smith evaluated Plaintiff, was Plaintiff receiving any treatment for any particular mental impairment.

In this case, when discussing whether Plaintiff's mental impairments constituted "severe" impairments, the ALJ addressed Dr. Smith's April 8, 2009 opinion as follows:

> Dr. Smith diagnosed the claimant with cognitive dysfunction, nonpsychotic, chronic, progressive, secondary to general medical condition (Exhibit 4F). According to Dr. Smith, the claimant's mental impairment rendered him "disabled at this time" (Exhibit 4F). However, the results from Dr. Smith's tests are not fully consistent with his diagnosis.
>
> Dr. Smith administered the Wechsler Adult Intelligence Scale (WAIS), and the claimant scored a verbal IQ of 101, performance IQ of 99, and full scale IQ of 100 (Exhibit 4F). Such test scores do not indicate a cognitive dysfunction which so limits the claimant that he cannot perform basic work activities. Dr. Smith performed a number of other tests and concluded that they showed a pattern of abnormal responses consistent with the diffuse organic brain dysfunction (Exhibit 4F). Those findings are conclusory, however, because his report never explains how the results are abnormal. The claimant testified concerning head injuries, but no medical evidence relates those specific injuries to any loss of mental capacity.
> . . .
> Dr. Smith indicated in a medical source statement that in several areas the claimant was either seriously limited or unable to meet competitive standards, but those findings are not consistent with someone who has a full scale IQ of 100. The medical source statement is also discounted because the claimant continued to engage in some basic work activities through 2006 (Exhibit 5D), even if they did not reach the level of substantial gainful activity. Consequently, the claimant's cognitive dysfunction is considered a non-severe impairment.

(Tr. 12). There is no question that the ALJ considered Dr. Smith's opinions in light of all the

AO72A
(Rev. 8/82)

evidence of record, and the Court is of the opinion that there is substantial evidence to support the ALJ's finding that Plaintiff did not suffer from a severe mental impairment.

Plaintiff also argues that the ALJ erred in denying the request to send Plaintiff for a pulmonary function test. The ALJ addressed this request as follows:

> The claimant's attorney has requested that the claimant be sent for a pulmonary consultative examination. (Exhibit 14E) This request is denied due to the fact that, despite an extensive medical history of respiratory problems, the claimant continues to smoke from one-half to two packs of cigarettes a day according to the medical records. Further, the doctor who recently examined the claimant on March 10, 2010, declined to order a pulmonary function examination. According to the doctor, the claimant was experiencing moderate symptoms which were relieved by medication, which the doctor noted the claimant had not refilled. (Exhibit 10F).

(Tr. 16).

Throughout the period of time represented by the documents in the transcript, Plaintiff smoked anywhere from ½ pack to 2 packs of cigarettes per day, despite being continuously advised by physicians that he needed to quit smoking. (Tr. 69-70, 246, 248-249, 266, 268, 276-278, 298, 305, 337, 341-344). In addition, when Plaintiff ran out of his prescription inhalers on occasion, he failed to have them refilled, indicating noncompliance. (Tr. 266, 268, 343). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989). Such is not the case here. The Court finds there is substantial evidence from which the ALJ could make a decision regarding Plaintiff's respiratory ailments.

AO72A
(Rev. 8/82)

B.  **Substantial Evidence:**

Plaintiff asserts that his previous arguments support the fact that there was not substantial evidence to support the ALJ's findings. The Court does not agree. As indicated by Defendant, the ALJ considered Plaintiff's repeated episodes of his ignoring medical advice to stop abusing tobacco, and to take his medication as prescribed, followed by visits to the emergency room when his breathing was compromised. (Tr. 13-14). In addition, the ALJ was allowed to consider Plaintiff's failure to stop smoking when making his credibility determination in this case, where Plaintiff had continued to smoke throughout his bouts with shortness of breath issues. See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008).

In addition, the medical evidence indicates that but for Plaintiff's breathing issues and inability to flex his right ankle, Plaintiff was able to walk, stand, sit, lift, carry, handle, finger, see, hear and speak. (Tr. 294).

Based upon the Court's foregoing analysis, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings.

IV.  **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 2nd day of July, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE